IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


BRADLEY K. BAUMGARTNER,                                  6:15-CV-01249-BR

          Plaintiff,                                     OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

          Defendant.


**DREW L. JOHNSON**
170 Valley River Dr.
Eugene, OR 97401
(541) 434-6466

**JOHN E. HAAPALA, JR.**
401 E. 10th Ave., Ste. 240
Eugene, OR 97401
(541) 345-3237

          Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**HEATHER L. GRIFFITH**
Special Assistant United States Attorney
701 Fifth Avenue, Ste. 2900 M/S 221 A
Seattle, WA 98104
(206) 615-2531

        Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Bradley K. Baumgartner seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter for the immediate calculation and payment of benefits pursuant to sentence four of 42 U.S.C. § 405(g).


                        **ADMINISTRATIVE HISTORY**

    Plaintiff filed an application for DIB on April 11, 2012, alleging a disability onset date of April 30, 2010.  Tr. 15.[1] Plaintiff's application was denied initially and on

---

    [1] Citations to the official transcript of record filed by the Commissioner on January 4, 2016, are referred to as "Tr."

2 - OPINION AND ORDER

reconsideration.  Tr. 79, 91-92, 107.  An Administrative Law Judge (ALJ) held a hearing on September 4, 2013.  Plaintiff appeared and testified together with Vocational Expert (VE) Leta Berkshire.  Tr. 32-78.  Plaintiff was accompanied by non-attorney representative Michael Lyons at the hearing.  Tr. 32-79.

On November 14, 2013, the ALJ issued an opinion in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 12-25.  On May 5, 2015, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  Tr. 1-4.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).


## BACKGROUND

Plaintiff was born in December 1969 and was forty years old on his alleged onset date.  Tr. 92.  He graduated from high school and completed two years of college to become an R.V. technician.  Tr. 45.  Plaintiff has past relevant work experience as a delivery person, transmission technician, air-system installer, and a countertop installer for a motor home manufacturer.  Tr. 219.

Plaintiff stopped working in 2001 because of knee problems after being injured in an ATV accident in 1991.  Tr. 359-60, 397. Plaintiff underwent a total knee replacement on April 8, 2011. Tr. 352.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 20-22.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is

4 - OPINION AND ORDER

"relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla [of evidence] but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful

5 - OPINION AND ORDER

activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments.  20 C.F.R. § 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*,

659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff met the insured status requirements and has not engaged in substantial gainful activity from his April 30, 2010, alleged onset date through his date last insured.  Tr. 17.

At Step Two the ALJ found Plaintiff has the severe
impairments of sleep apnea, degenerative disc disease, status-
post thyroidectomy, status-post left-knee revision, status-post
right-wrist surgery, obesity, and status-post hernia repair.
Tr. 17.

At Step Three the ALJ concluded Plaintiff's medically
determinable impairments do not meet or medically equal one of
the listed impairments in 20 C.F.R. part 404, subpart P, appendix
1.  Tr. 19.

The ALJ found Plaintiff has the RFC to perform light work
with the following limitations:  He can stand and walk for about
four hours and sit for about six hours; he can lift, carry, push,
and pull within light exertional limits; he can never climb
ladders, ropes, or scaffolds; he can occasionally climb ramps and
stairs; he can occasionally balance, stoop, kneel, crouch, and
crawl; he can occasionally reach overhead with both upper
extremities; he can frequently handle with his right hand; he can
perform work in which hazards are not present; he cannot work in
a job that requires driving long distances; and he can only
perform work that is unskilled, routine, and repetitive.  Tr. 19.

At Step Four the ALJ found Plaintiff is unable to perform
any of his past relevant work.  Tr. 24.

At Step Five the ALJ concluded Plaintiff could perform jobs
that exist in the national economy, including collator operator,

table worker, and document preparer.   Tr. 24.   Accordingly, the
ALJ found Plaintiff is not disabled.   Tr. 25.


## DISCUSSION

Plaintiff contends the ALJ erred when she (1) rejected
Plaintiff's subjective symptom testimony; (2) rejected the
medical opinion of Craig Mohler, M.D.; and (3) rejected the lay
testimony of Wendy Baumgartner.

## I.   Plaintiff's Testimony

Plaintiff alleges the ALJ erred by failing to provide clear
and convincing reasons for finding Plaintiff's testimony was not
fully credible.

In *Cotton v. Bowen* the Ninth Circuit established two
requirements for a claimant to present credible symptom
testimony:  The claimant must produce objective medical evidence
of an impairment or impairments, and he must show the impairment
or combination of impairments could reasonably be expected to
produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th
Cir. 1986).  The claimant, however, need not produce objective
medical evidence of the actual symptoms or their severity.
*Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not
any affirmative evidence of malingering, the ALJ can reject the
claimant's pain testimony only if she provides clear and

convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

Plaintiff maintained he was unable to work because of pain in his lower back, neck, knees, and right wrist. Tr. 295. He alleged he was limited by lightheadedness, lack of balance, weakness, fatigue, short-term memory loss, and lack of focus and concentration. Tr. 295. Plaintiff alleged limitations in his ability to lift, to stand, to walk, and to sit and in his range of movement. Tr. 295-96. He alleged he had difficulty writing, typing, gripping, and grasping due to pain and weakness in his right wrist. Tr. 296.

The ALJ provided several reasons for rejecting Plaintiff's credibility. First, he found Plaintiff's testimony conflicted with his previous submissions to the Agency. Tr. 21. Inconsistencies in a claimant's testimony can undermine his credibility. *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 2001). Here Plaintiff did not mention that he completed additional college course work in his DIB application nor did he mention at the hearing that he had any mental limitations. *See id.* When describing his activities of daily living, Plaintiff

10 - OPINION AND ORDER

did not mention at the hearing problems with his right wrist

until prompted by questioning from his representative.  Although

this record reflects Plaintiff did not report all of his

limitations at either the application or the hearing stage, it

does not show a contradiction within his statements to the Agency

and, therefore, does not constitute a legally sufficient reason

for rejecting Plaintiff's credibility.

Second, the ALJ found discrepancies in Plaintiff's reported

work history undermined his credibility.  The ALJ may assign less

weight to a claimant's testimony when the claimant stopped

working for reasons other than disability.  *Bruton v. Massanari*,

268 F.3d 824, 833 (9th Cir. 2001).  A claimant's daily activities

can also provide a clear and convincing reason for rejecting his

subjective symptom testimony when those activities conflict with

the plaintiff's testimony.  *Molina*, 674 F.3d at 1113.  Here

Plaintiff testified he stopped working at his previous job

because the business shut down, and the ALJ noted Plaintiff

applied for jobs after his alleged onset date.  Tr. 21, 58.  In

*Copeland v. Bowen*, the Ninth Circuit found the ALJ's inference

that the claimant's testimony was not credible because he held

himself out as available for work and received unemployment

benefits was proper.  861 F.2d 536, 542 (9th Cir. 1988).  Here,

however, Plaintiff did not receive unemployment benefits, and

nothing in the record confirms Plaintiff was capable of

11 - OPINION AND ORDER

sustaining gainful employment despite his efforts to look for
work.  The ALJ's second reason for his credibility determination,
therefore, is not supported by substantial evidence in the
record.

Third, the ALJ found Plaintiff's subjective allegations
regarding his symptoms were unsupported by the objective medical
evidence.  Specifically, the ALJ found Plaintiff had only very
light listhesis and mild degenerative changes at L4-S1 and a
slight protrusion at L5-S1.  Tr. 22.  In addition, Dr. Noonan,
M.D., recommended only conservative treatment and noted Plaintiff
made a good recovery from his knee surgery.  The ALJ is not
entitled to reject a claimant's testimony simply because the
degree of symptoms alleged is not substantiated by objective
medical evidence.  *Oteza v. Shalala*, 50 F.3d 748, 749-50 (9th
Cir. 1995)(claimant need only produce medical evidence of an
underlying impairment that could reasonably cause the degree of
symptoms alleged).  Here Plaintiff provided objective evidence of
multiple knee surgeries and degenerative changes throughout his
cervical, thoracic, and lumbar spine with nerve root contact at
L5.  Tr. 352, 354, 387, 574.  The Court concludes this evidence
could reasonably cause the severity of the symptoms that
Plaintiff alleged in his testimony.  In any event, the fact that
the medical record did not mirror Plaintiff's subjective symptom
testimony does not constitute a legally sufficient reason for

finding Plaintiff's testimony was not credible.

Fourth, the ALJ found Plaintiff's failure to comply with treatment reflected negatively on Plaintiff's credibility.  The ALJ may find a claimant's testimony was not credible if the claimant does not follow prescribed treatment "and there are no good reasons for this failure."  SSR 96-7p.  *See also Tommasetti*, 533 F.3d at 1039 (a claimant's unexplained failure to follow a prescribed treatment recommendation is a relevant credibility consideration).  Here Plaintiff had difficulty complying with recommendations that he use a CPAP machine for his sleep apnea and that he not take naps.  The record, however, reflects Plaintiff had good reasons for his failure to comply with his providers' recommendations because multiple nasal traumas limited his ability to use a CPAP machine.  Tr. 376, 627, 678.  Moreover, the fact that Plaintiff did not take naps as recommended does not contradict his testimony regarding fatigue.

On this record the Court concludes the ALJ failed to provide legally sufficient reasons supported by sufficient evidence in the record for rejecting Plaintiff's testimony.

## II.  Dr. Mohler's Opinion

Plaintiff also argues the ALJ erred by rejecting the opinion of Dr. Mohler, Plaintiff's treating orthopedic surgeon.

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions.

13 - OPINION AND ORDER

*Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).  The

Ninth Circuit distinguishes between the opinions of treating,

examining, and nonexamining physicians.  The opinion of a

treating physician is generally accorded greater weight than the

opinion of an examining physician, and the opinion of an

examining physician is accorded greater weight than the opinion

of a nonexamining physician.  *Lester*, 81 F.3d at 830.  An

uncontradicted treating physician's opinion can be rejected only

for "clear and convincing" reasons.  *Baxter v. Sullivan*, 923 F.2d

1391, 1396 (9th Cir. 1991).  In contrast, if the opinion of an

examining physician is contradicted by another physician's

opinion, the ALJ must provide "specific, legitimate reasons" for

discrediting the examining physician's opinion.  *Lester*, 81 F.3d

at 830.  Specific, legitimate reasons for rejecting a physician's

opinion may include its reliance on a claimant's discredited

subjective complaints, inconsistency with medical records,

inconsistency with a claimant's testimony, and inconsistency with

a claimant's daily activities.  *Tommasetti v. Astrue*, 533 F.3d

1035, 1040 (9th Cir. 2008).  An ALJ may also discount a medical

source's opinion that is inconsistent with the source's other

findings.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir.

2005).  It is legal error to ignore an examining physician's

medical opinion without providing reasons for doing so, and an

ALJ effectively rejects an opinion when he ignores it.  *Smolen v.*

*Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996).

Treating physician Dr. Mohler opined Plaintiff was limited to working two hours a day and suffered "severe" pain related to his left knee.  Tr. 753.  He opined Plaintiff could stand for thirty minutes at a time and sixty minutes in an eight-hour workday.  Tr. 753.  Dr. Mohler also found Plaintiff could sit for thirty minutes at a time and for a total of two hours in an eight-hour workday.  Tr. 753.  He limited Plaintiff to occasionally lifting five pounds and stated that Plaintiff could never perform postural activities.  Tr. 754.

Dr. Mohler's opinion was submitted to the Appeals Council after the ALJ rendered her decision.  The Appeals Council reviewed Dr. Mohler's opinion but declined to review the ALJ's decision.  When a claimant "submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence."  *Brewes*, 682 F.3d at 1159-60, 1162-63.

The Court, therefore, considers Dr. Mohler's opinion when determining whether the ALJ's evaluation of the medical record is based on substantial evidence.  *Brewes*, 682 F.3d at 1159-60, 1162-63.  Here the ALJ did not have the opportunity to review Dr. Mohler's opinion and based her decision on the opinions of

15 - OPINION AND ORDER

nonexamining physicians Roy Brown, M.D., and Sharon Eder, M.D.
Tr. 23.  Dr. Mohler's opinion, although rendered after the
relevant period, was probative, however, because of his treatment
relationship with Plaintiff.  *See* Tr. 96 (indicating Dr. Mohler
began treating Plaintiff as early as 2007).  The opinion of a
treating physician is generally accorded greater weight than the
opinion of a nonexamining physician.  *Lester*, 81 F.3d at 830.
Dr. Mohler's opinion includes limitations that conflict with the
opinions of the nonexamining physicians.  As noted, the ALJ did
not have the opportunity to resolve this conflict, and the ALJ's
decision became the final decision of the Commissioner when the
Appeals Council denied Plaintiff's request for review.  Tr. 1-4.
*See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).  In light of the
administrative record as a whole, which includes Dr. Mohler's
decision, the Court concludes the Commissioner's evaluation of
the medical evidence is not supported by substantial evidence.
*See Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232
(9th Cir. 2011)(citing *Ramirez v. Shalala*, 8 F.3d 1449, 1451-54
(9th Cir. 1993)).

**IV.  Lay Testimony of Wendy Baumgartner**

Finally, Plaintiff argues the ALJ improperly rejected the
lay opinion of his wife, Wendy Baumgartner.  The ALJ must
consider lay-witness testimony and is required to provide
"germane reasons" when rejecting lay testimony.  *Molina*, 674 F.3d

16 - OPINION AND ORDER

at 1114.  The ALJ, however, is not required to address each witness "on an individualized witness-by-witness basis."  *Id*. Moreover, the ALJ need "not clearly link his determination to" specific reasons for rejecting lay testimony as long as he cites "arguably germane reasons" for doing so.  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

Wendy Baumgartner completed a third-party function report regarding Plaintiff's symptoms and limitations.  Tr. 266-73.  She stated Plaintiff was limited in his ability to lift, squat, bend, stand, reach, walk, sit, kneel, and climb stairs.  Tr. 271. Wendy Baumgartner also affirmed limitations in Plaintiff's memory and concentration, in the use of his hands, and in his ability to get along with others.  Tr. 271.  She also stated Plaintiff has balance problems, walks with a cane, and has difficulty helping with household chores.  Tr. 268.

The ALJ accorded little weight to Wendy Baumgartner's statements because they conflicted with Plaintiff's statements and because they were similar to them.  Tr. 23.  The ALJ also rejected Wendy Baumgartner's testimony because she reported Plaintiff suffered from mental impairments that the ALJ found were not medically determinable.  Tr. 23.

For the above reasons, the Court concludes the ALJ's rejection of Plaintiff's credibility was error.  The fact that Wendy Baumgartner's statements reflected Plaintiff's testimony,

17 - OPINION AND ORDER

therefore, was not a germane reason for rejecting her statements.
In addition, the Court concludes after reviewing the record that
there are not any straightforward inconsistencies between Wendy
Baumgartner's statements and Plaintiff's testimony; Wendy
Baumgartner merely provided a more conservative estimate of some
of Plaintiff's abilities than Plaintiff provided during the
administrative hearing; the fact that Wendy Baumgartner reported
mental limitations that were not substantiated by the evidence as
medically determinable impairments was not a germane reason for
rejecting the lay testimony; and Wendy Baumgartner's statements
did not contradict the medical record and were, in fact,
consistent with Plaintiff's testimony.

On this record the Court concludes the ALJ erred when she
rejected the lay testimony of Wendy Baumgartner because the ALJ
did not provide legally sufficient reasons supported by the
record for doing so.

## REMAND

The Court must determine whether to remand this matter for
further proceedings or to remand for calculation of benefits.

The decision whether to remand for further proceedings or
for immediate payment of benefits generally turns on the likely
utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172,
1179 (9th Cir. 2000). The court may "direct an award of benefits

where the record has been fully developed and where further
administrative proceedings would serve no useful purpose."
*Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for
determining when evidence should be credited and an immediate
award of benefits directed."  *Harman*, 211 F.3d at 1178.  The
court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient
> reasons for rejecting such evidence, (2) there are no
> outstanding issues that must be resolved before a
> determination of disability can be made, and (3) it is
> clear from the record that the ALJ would be required to
> find the claimant disabled were such evidence credited.

*Id.*  The second and third prongs of the test often merge into a
single question:  Whether the ALJ would have to award benefits if
the case were remanded for further proceedings.  *Id*. at 1178 n.2.

On this record the Court concludes there are not any
outstanding issues that must be resolved before a determination
of disability can be made.  As noted, the Court has concluded the
Commissioner failed to provide legally sufficient reasons for
rejecting Plaintiff's testimony, the lay-witness testimony, and
the opinion of Dr. Mohler, Plaintiff's treating physician.  When
this evidence is credited as true, it is clear from the record
that the Commissioner would be required to find Plaintiff is
disabled.  *See*, *e.g.*, Tr. 753 (Dr. Mohler's opinion reflects
Plaintiff is limited to working only two hours per day).

Accordingly, the Court reverses the Commissioner's decision and remands this matter for the immediate calculation and payment of benefits to Plaintiff.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter for the immediate calculation and payment of benefits pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 3rd day of August, 2016.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge